Citation Nr: 1504681 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 08-26 311A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to an initial rating in excess of 20 percent for chronic thoracic and lumbar strain with spasm. 

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU) prior to January 27, 2012.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

L. Kirscher Strauss, Counsel


INTRODUCTION

The Veteran had active service from December 2000 to June 2006. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin. The November 2007 rating decision was issued, consistent with 38 C.F.R. § 3.156(b), after the Veteran submitted new and material evidence following a December 2006 rating decision, which granted service connection for chronic thoracic and lumbar strain with spasm. Consequently, the appeal arises from the Veteran's original claim filed in June 2006. The issue on the title page of this decision has been characterized accordingly. See Fenderson v. West, 12 Vet. App. 119 (1999).

In a July 2012 rating decision, the RO granted a TDIU effective from January 27, 2012. However, the appeal for a TDIU is not moot because the Veteran maintains that he has been unemployable due to his back disability since August 2008. See Board Hr'g Transcript (Tr.) at 3. Accordingly, the issue remains as a component of the instant appeal. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board had previously bifurcated this issue to ensure that full due process and evidentiary development was accorded as to that aspect of this appeal. See Locklear v. Shinseki, 24 Vet. App. 311, 315 (2011).

This matter was previously before the Board in May 2010, when it was remanded to afford the Veteran a Board hearing. Accordingly, he testified before the undersigned Veterans Law Judge in a hearing at the RO in July 2010. A transcript of the hearing has been associated with the claims file. Then, the matter was remanded in May 2014 to the agency of original jurisdiction (AOJ) for additional development.
The appeal is again REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The claims file unequivocally demonstrates that the Veteran sustained three post-service, on-the-job back injuries. Private chiropractic treatment records dated in April 2007 reflect that the first injury occurred approximately five days earlier in March 2007, resulting in severe lower back pain and spasms and mid back (thoracic) pain. A roentgenological (x-ray) report from the initial evaluation in April 2007 indicated that the thoracic spine was negative for recent fracture or gross osteopathology and kyphotic curve appeared normal. X-ray examination of the lumbar spine revealed narrowed disc spaces between "L2/3 PL (O.A.) [osteoarthritis]." Subsequently, the Veteran participated in chiropractic treatments for his lumbar and thoracic spine from April to June 2007.

Additional post-service private and VA treatment records, as well as records from the Veteran's Worker's Compensation and Social Security Administration (SSA) disability claims, document that the subsequent on-the-job low back injuries occurred on October 31 and November 21, 2007 while employed as a senior correctional officer. Moreover, the records reflect that from the date of the latter two injuries forward, the Veteran sought regular evaluation and treatment for chronic back pain, which he consistently attributed to the October and November 2007 workplace injuries.

On November 1, 2007, the Veteran returned to his private chiropractor, explaining that he was lifting and twisting with a heavy box and felt a pop in his lower back that resulted in severe pain, adding that he had "never had this pain in this location before." He described the new injury of the lumbar spine as low back and right leg pain and numbness extending to his right knee, feeling like his knee would "go out." A roentgenological report regarding x-ray study of the lumbar spine identified severely decreased lumbar lordotic curve and mild levo-scoliosis at L3; the study was negative for recent fracture or gross osteopathology. The diagnosis was 839.20, 839.42, 722.52; these ICD-9 (International Statistical Classification of Diseases) codes refer to closed dislocation lumbar vertebra, closed dislocation sacrum, and degeneration of lumbar or lumbosacral intervertebral disc, respectively.

In late November 2007, the Veteran told his private chiropractor that on November 21, 2007, he was working in the control center of the prison doing constant twisting and bending during a shift change and exacerbated his previous injury. He described his low back as "on fire," rating his low back pain as a 9/10, and stating that "any activity" aggravated his low back pain.

A December 2007 lumbar spine MRI report noted the history of the Veteran's November 2007 workplace injury and evaluation for Worker's Compensation purposes. The conclusion of the lumbar spine MRI was abnormal disc spaces at T12-L1, L2-3, L3-4, and L5-S1 with some mild central stenosis at L2-3 and L3-4; posterior longitudinal ligament was intact throughout. There was no significant disc herniation, root sheath compromise, or root sheath edema. The impression of a February 2008 lumbar spine MRI was evidence for disc degenerative change at T12-L1, L2-3, and L3-4; evidence for any spinal canal or foraminal compromise sufficient to cause nerve root compression not appreciated; no intradural mass suggested; and very small Schmorl's node defect in the inferior end plate of L3. He received a caudal injection for pain the same day.

Because the evidence of record reflects three on-the-job, acute low back injuries in 2007 and ongoing treatment, including narcotic medications, for chronic low back complaints attributed to the October and November 2007 low back injuries, the Board remanded the claim in April 2014, in part, to obtain medical opinion evidence as to whether symptoms from the service-connected thoracolumbar strain with spasm disability could be distinguished from any symptoms associated with any nonservice-connected spine disorder(s). 

In summary, following a review of the claims file and physical examination, a June 2014 VA examining physician opined that the service-connected thoracolumbar spine strain with spasm had remained static and that the current back symptoms were attributed to disability that began in 2007 as a result of the workplace back injuries.

Unfortunately, the Board requires a medical opinion addressing whether the Veteran's service-connected thoracolumbar spine strain with spasm made him susceptible to the March, October, and November 2007 injuries at his job as a correctional officer. The AOJ should arrange to provide the Veteran's entire claims file to a VA physician to obtain a supplemental medical opinion in addition to other development outlined below. 

Additionally, the TDIU claim remains intertwined with the claim for a higher rating for thoracolumbar spine disability, which is a subject of the present appeal and remand. Therefore, adjudication of the claim for a TDIU prior to January 27, 2012 must await adjudication of the increased rating claim.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran's claims file to the June 2014 VA examiner (or another qualified physician, if unavailable) for an addendum opinion regarding the Veteran's thoracolumbar spine disability. After review of the Veteran's record, the examiner is requested to address the following:

Considering the level of thoracic and lumbar spine disability evident on VA examination in August 2006, including x-ray evidence demonstrating at least some degree of lumbar and thoracic disc disease or degeneration at that time, is it at least as likely as not (a 50 percent or greater probability) that the Veteran's service-connected thoracic and lumbar spine strain with spasm made him susceptible to the workplace injuries, resulting in additional spine disability in March, October, and November 2007?
A complete rationale must be included with the reviewing physician's opinion(s).

3. After undertaking any other development deemed appropriate, readjudicate the claim of entitlement to an initial rating in excess of 20 percent for the thoracolumbar spine disability and entitlement to a TDIU prior to January 26, 2012. If any benefit is not granted in full, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an appropriate period of time for response. Thereafter, the case should be returned to the Board, if in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
SONNET BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).